Filed 1/26/26  In re I.S. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re I.S., A Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>I.S.,<br><br>    Defendant and Appellant. | G064686<br><br>(Super. Ct. Nos. 17DL0773)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Isabel Apkarian, Judge. Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Minor and Appellant.

No appearance for Plaintiff and Respondent.

I.S. appeals from a juvenile court order terminating his juvenile probation unsuccessfully. His appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738. I.S. did not file a supplemental brief. As discussed below, after independently reviewing the record, we find no reasonably arguable issues on appeal. We therefore affirm.

STATEMENT OF THE CASE

On July 29, 2024, I.S.'s juvenile probation officer (P.O.) filed a report for I.S.'s upcoming nonminor dependent placement review hearing, recommending the juvenile court terminate I.S.'s juvenile probation as unsuccessful, and vacate the suitable placement order. The P.O. reported that on November 25, 2019, I.S. was declared a ward of the juvenile court pursuant to Welfare and Institutions Code section 602.[1] I.S. was placed on formal probation, and on July 28, 2021, suitable placement was vested with the Orange County Probation Officer.

Subsequently, I.S. was placed on adult probation in another matter. In early January 2024, he was released to a representative of a local nonprofit for purposes of housing. However, later that month he was arrested, and a probation hold was requested and placed by I.S.'s adult probation officer. He remained detained at Orange County Jail at the time of the report.

The P.O. reported she met with I.S. on January 8, 2024. At that time, "he reaffirmed he was not interested in continuing with extended foster care services." Moreover, due to his current incarceration, I.S. "is ineligible to

_____

[1] All further statutory references are to the Welfare and Institutions Code.

2

remain in foster care and does not meet eligibility criteria for status as a nonminor dependent." The report noted that I.S. had exhausted his custody exposure in his juvenile case, given that he turned 21 years of age in August 2024, which effectively removed him from the jurisdiction of the juvenile court under section 303 and rendered him ineligible for foster care services.

The report concluded: "Overall, continuing juvenile probation supervision is unnecessary in that [I.S.] is on adult formal probation and has been given additional referrals, assistance and services provided by other county agencies and agencies other than child welfare and juvenile probation that are intended to prevent [I.S.] from becoming homeless if juvenile court jurisdiction is terminated."

At the placement review hearing held on August 20, 2024, the court and the parties all agreed that because I.S. turned 21 years of age, the juvenile court lost dependency jurisdiction and I.S. was ineligible for placement services. As to delinquency jurisdiction, the parties agreed that although I.S. had exhausted exposure, i.e., the confinement for the adjudicated offense, the juvenile court could retain jurisdiction until I.S. turned age 25. I.S.'s counsel sought continuing jurisdiction so I.S. could take advantage of new services offered to juvenile probationers. The district attorney, however, argued juvenile probation should be terminated as unsuccessful, noting I.S. had not complied with his juvenile probation. Over the years, he cut his G.P.S. tracker several times, fled from two different halfway houses in the past seven months, and was convicted of two adult felonies after the juvenile case. The juvenile court terminated I.S.'s juvenile probation "over [his] attorney's very strong objection" because it could not "justify continuing wardship at this time." It found I.S. previously failed to take advantage of the programs and opportunities available through

3

probation, but was "relieved" there were services and programs offered outside of probation "ready, willing, and able to take [I.S.] after [his] commitment."

DISCUSSION

Following *Wende* guidelines, we have reviewed counsel's brief and the appellate record. Appellate counsel has identified one issue for our consideration: whether the juvenile court abused its discretion in terminating jurisdiction under section 303.

Section 303, subdivision (a) provides: "The court may retain jurisdiction over any person who is found to be a ward or a dependent child of the juvenile court until the ward or dependent child attains 21 years of age." Section 303, subdivision (b) provides, in relevant part, that the juvenile court "may terminate its dependency, delinquency, or transition jurisdiction over the nonminor dependent between the time the nonminor reaches the age of majority and 21 years of age." Thus, the juvenile court has discretion to continue or terminate jurisdiction over a nonminor dependent. (*In re H.C.* (2017) 17 Cal.App.5th 1261, 1266.)

"In determining whether or not the wardship shall terminate or be modified, the court shall be guided by the policies set forth in Section 202." (§ 785, subd. (c).) Section 202, subd. (d) provides: "Juvenile courts and other public agencies charged with enforcing, interpreting, and administering the juvenile court law shall consider the safety and protection of the public, the importance of redressing injuries to victims, and the best interests of the minor in all deliberations pursuant to this chapter." "'We review the decision to terminate jurisdiction over a nonminor dependent for abuse of discretion.' [Citation.] Legal issues underlying the court's decision, such as the correct

4

interpretation of the relevant statutes governing nonminor dependents, are reviewed de novo." (*In re H.C.*, *supra*, 17 Cal.App.5th at p. 1266.)

The statutory language is clear and unambiguous. The juvenile court has continuing dependency jurisdiction only until the nonminor turns 21 years of age. At the time of the placement review hearing, I.S. had turned age 21. Thus, the juvenile court lost dependency jurisdiction.

Pursuant to section 607, subdivision (d), the juvenile court had continuing delinquency jurisdiction over I.S. until he turned age 25. (See § 607, subdivision (d) ["The court may retain jurisdiction over a person who is 25 years of age or older for a period not to exceed two years from the date of disposition if the person is found to be a person described in Section 602 by reason of the commission of an offense listed in subdivision (b) of Section 707. The court shall exercise jurisdiction in conformance with the objectives of the juvenile court"].) Nevertheless, it may terminate I.S.'s juvenile probation when appropriate. (See § 775 ["Any order made by the court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper, subject to such procedural requirements as are imposed by this article"]; see also § 607.2, subd. (b)(6) [juvenile court may terminate delinquency jurisdiction under certain circumstances].) Here, under section 202, "the safety and protection of the public" and "the importance of redressing injuries to victims" are satisfied because I.S. would remain under adult probation even after his juvenile probation is terminated. (§ 202, subds. (a) & (d).) As to his best interests, the record shows I.S. has not progressed while under juvenile probation based on his history of cutting his G.P.S. tracker multiple times, absconding twice, and committing two adult violations. Even after the juvenile probation is terminated, however, I.S. would remain under adult probation supervision

and would have access to programs and services as part of adult probation and outside of probation. On this record, the juvenile court did not abuse its discretion in terminating I.S.'s juvenile probation and vacating its placement order.

Our independent review of the entire record does not show the existence of an arguable issue. (*Wende, supra*, 25 Cal.3d at pp. 442–443.) Consequently, we affirm the order terminating juvenile probation unsuccessfully. (*Id.,* at p. 443.)

DISPOSITION

The order terminating juvenile probation unsuccessfully, dated July 28, 2021, is affirmed.

DELANEY, J.

WE CONCUR:

MOORE, ACTING P. J.

SANCHEZ, J.